UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER MARION,** individually and on behalf of all others similarly situated | § § § § | Docket No. _____ |
| Plaintiff, | § § | |
| v. | § § § | **JURY TRIAL DEMANDED** |
| **KEY ENERGY SERVICES, LLC** | § § § | |
| Defendant. | § | |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Christopher Marion ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA") from Key Energy Services, LLC ("Key Energy" or "Defendant"). Plaintiff, and other workers like him, worked for Defendant as fishing tool operators and/or reverse unit operators in excess of 40 hours per week performing largely technical and manual labor job duties. Instead of paying overtime as required by the FLSA and NMMWA, Defendant paid all fishing tool operators and reverse unit operators a salary and a day-rate. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers as a result of Defendant's violations of the FLSA and NMMWA.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). The Court also has federal jurisdiction over the state law class action pursuant to the jurisdictional

provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over the various state sub-classes pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Defendant's corporate headquarters is located in Houston, Harris County, Texas, in this district and division.

### III. THE PARTIES

5. Christopher Marion worked for Defendant during the relevant statutory time period in New Mexico as both a reverse unit operator and a fishing tool operator. Although he regularly worked in excess of 40 hours in a week, Key Energy did not pay him overtime. His consent to be a party plaintiff is attached as Exhibit A.

6. Plaintiff brings this action on behalf of himself and all other similarly situated employees under 29 U.S.C. § 216(b) of the FLSA (the "FLSA Class"). The class of similarly situated employees that was subjected to the same unlawful policy as Plaintiff is properly defined as:

> **ALL REVERSE UNIT OPERATORS AND/OR FISHING TOOL OPERATORS EMPLOYED BY KEY ENERGY SERVICES, LLC IN THE PAST THREE (3) YEARS WHO WERE PAID A BASE SALARY AND DAY-RATE WITH NO OVERTIME COMPENSATION.**

7. Plaintiff also brings this action on behalf of all similarly situated employees employed by Key Energy in New Mexico (the "New Mexico Class"). The New Mexico Class that was subjected to the same unlawful policy as Plaintiff is properly defined as:

> **ALL REVERSE UNIT OPERATORS AND/OR FISHING TOOL OPERATORS EMPLOYED BY KEY ENERGY SERVICES, LLC IN NEW MEXICO OVER THE PAST THREE (3) YEARS WHO WERE PAID A BASE SALARY AND DAY-RATE WITH NO OVERTIME COMPENSATION.**

2

8. Defendant **Key Energy Services, LLC**, may be served through its registered agent: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

## IV. FACTS

9. Key Energy is an oilfield services company with locations throughout the United States (including in New Mexico) providing flow control, well testing, and other oilfield related services.

10. To offer these services, Key Energy employs numerous reverse unit operators and fishing tool operators. These individuals make up the proposed Putative Class. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

11. Plaintiff worked for Key Energy in New Mexico as both a reverse unit operator and a fishing tool operator during the operative time period.

12. As a reverse unit operator, Plaintiff's primary job duties included operating oilfield machinery (such as a reverse unit and power swivel) for performing services on oil and gas wells in accordance with Defendant and/or the operator's terms, monitoring pipe tally and drilling depths, and maintaining oilfield equipment at the job site. Plaintiff would conduct his day-to-day activities as a reverse unit operator within designated parameters and in accordance with specifications provided by Defendant and/or the operator.

13. As a fishing tool operator, Plaintiff's primary job duties included rigging up and rigging down oilfield equipment, operating oilfield machinery including down hole fishing service supported equipment, providing technical support to crew and clients at the job site in analyzing conditions of unserviceable oil and gas wells, and recovering lost equipment and/or other obstacles from the boreholes of wells. Plaintiff would conduct his day-to-day

activities as a fishing tool operator within designated parameters and in accordance with specifications provided by Defendant and/or the operator.

14. As both a reverse unit operator and fishing tool operator, Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendant. Virtually every job function was predetermined by Defendant, including the tools to use at a job site, the data to compile, and schedule of work and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters. Moreover, Plaintiff's job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

15. Plaintiff did not have any supervisory or management duties in either position.

16. Key Energy denied Plaintiff overtime pay as a result of a widely applicable, illegal pay practice. As both a reverse unit operator and fishing tool operator, Plaintiff regularly worked in excess of 40 hours a week, but never received overtime compensation. Instead of paying overtime, Key Energy paid Plaintiff a salary and a day-rate for all hours worked. Key Energy applied this pay practice despite clear and controlling law that states that the manual labor/technical duties which were performed by Plaintiff consist of *non*-exempt work.

17. Like Plaintiff, the workers in the FLSA class did not receive overtime for all hours that they worked in excess of 40 hours in a week.

18. Like Plaintiff, the workers in the New Mexico class did not receive overtime for all hours that they worked in excess of 40 hours in a week.

## V. CLASS AND COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings his claim under the FLSA as a collective action. The members of the FLSA Class are similarly situated to Plaintiff in all relevant respects.

20. Plaintiff brings his claim under the NMMWA as a Rule 23 class action. The members of the New Mexico Class are similarly situated to Plaintiff in all relevant respects.

21. The members of the FLSA Class and New Mexico Class all received a base salary and day-rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

22. Defendant's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the members of the FLSA Class and/or New Mexico Class.

23. While the precise job duties performed by members of the FLSA Class and/or New Mexico Class might vary somewhat, these differences do not matter for the purposes of determining entitlement to overtime. Nor do any differences in job duties matter for determining whether Key Energy's failure to pay overtime is legal (it is not).

24. The members of the FLSA Class are all entitled to overtime after 40 hours in a week. Because Key Energy uniformly denied the FLSA Class overtime for all hours worked over 40 hours in a work week, Plaintiff and the FLSA Class are similarly situated within the meaning of 29 U.S.C. § 216(b).

25. The members of the New Mexico Class are all entitled to overtime after 40 hours in a week. Because Key Energy uniformly denied the New Mexico Class overtime for

all hours worked over 40 hours in a work week, Plaintiff and the New Mexico Class are similarly situated within the meaning of the NMMWA.

26. Key Energy employed numerous employees like Plaintiff throughout the United States over the past three (3) years, including in New Mexico. The members of both the FLSA Class and the New Mexico Class are geographically disbursed, residing and working in multiple states.

27. Because the members of the FLSA Class and/or New Mexico Class do not have fixed work locations, these individuals may work in different states across the country in the course of a given year.

28. Numerous employees have been victimized by Key Energy's pattern, practice, and policy of failing to pay overtime for all hours worked over 40 which are in willful violation of the FLSA and NMMWA.

29. Numerous other employees who worked with Plaintiff have indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

30. Based on his experiences and tenure with Key Energy, Plaintiff is aware that the illegal practices or policies of Defendant that have been imposed on the FLSA Class and the New Mexico Class.

31. Plaintiff's experiences are therefore typical of the experiences of the FLSA Class and the New Mexico Class.

32. Plaintiff has no interests contrary to, or in conflict with, the members of the FLSA Class and New Mexico Class. Like each member of the proposed classes, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

33. Absent a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and Key Energy will retain the proceeds of its violations of the FLSA.

34. Absent a class action, many members of the New Mexico Class likely will not obtain redress of their injuries and Key Energy will retain the proceeds of its violations of the NMMWA.

35. Individual litigation would be unduly burdensome to the judicial system.

36. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

37. The questions of law and fact common to each member of the FLSA Class and New Mexico Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    (a) Whether Key Energy employed Putative Class Members within the meaning of the applicable state and federal statutes, including the NMMWA and FLSA;

    (b) Whether the Putative Class Members were improperly classified by Key Energy as exempt from overtime compensation;

    (c) Whether Key Energy's decision to classify the Putative Class Members as exempt was made in good faith;

    (d) Whether Key Energy's violation of the FLSA and/or NMMWA was willful; and

(e) Whether Key Energy's failure to pay Plaintiff and the Putative Class Members overtime pay due to them by virtue of their uniform designation as exempt.

38. Plaintiff's claims are typical of the members of both the FLSA Class and New Mexico Class. Plaintiff and members of the FLSA Class and New Mexico Class have sustained damages arising out of Key Energy's illegal and uniform employment policy.

39. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

40. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## VI. COVERAGE UNDER THE FLSA

41. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42. At all times hereinafter mentioned, Defendant employed Plaintiff and each of the New Mexico Class Members as an "employee" within the meaning of the FLSA and NMMWA.

43. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

45. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## VII. FLSA VIOLATIONS

46. Key Energy employed Plaintiff and each member of the FLSA Class.

47. All members of the FLSA Class are afforded the protections of the FLSA.

48. During the limitations period, Key Energy had a policy and practice of refusing to pay the FLSA Class overtime for hours worked in excess of 40 per week.

49. Key Energy's failure to pay Plaintiff and the FLSA Class overtime at rates not less than one and one-half times their regular rates is a violation of 29 U.S.C. § 207.

50. The foregoing conduct constitutes a willful violation of the FLSA. Due to Key Energy's FLSA violations, Plaintiff and the FLSA Class are entitled to recover from Key Energy their unpaid overtime compensation, an amount equal to their unpaid overtime compensation as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

## VIII. NMMWA VIOLATIONS

51. Plaintiff brings this claim under the NMMWA as a Rule 23 class action. The conduct alleged violates the New Mexico Minimum Wage Act (NMMWA) (N.M.S.A. 1978 § 50-4).

52. At all relevant times, Key Energy was subject to the requirements of the NMMWA.

53. At all relevant times, Key Energy employed Plaintiff, and each member of the New Mexico Class, as an "employee" within the meaning of the NMMWA.

54. The NMMWA requires an employer like Key Energy to pay all non-exempt employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week. N.M.S.A. 1978 § 50-4-22(D).

55. Key Energy had a policy and practice of failing to pay overtime to Plaintiff and the New Mexico Class for hours worked in excess of 40 hours per workweek.

56. Plaintiff and each member of the NMMWA Class are entitled to overtime pay under the NMMWA for all hours worked in excess of 40 hours in a week.

57. Plaintiff and each member of the NMMWA Class seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

58. Plaintiff and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Key Energy, as provided by the NMMWA.

### IX. JURY DEMAND

59. Plaintiff demands a trial by jury.

### X. RELIEF SOUGHT

60. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class to permit them to join this action by filing a written notice of consent;

b. An order certifying Plaintiff's claims under the NMMWA as a class action under Rule 23 and appointing Plaintiff as the class representative and his counsel as Class Counsel;

c. A judgment against Key Energy pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those members of the FLSA Class who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff, attorney fees, costs, and pre- and post-judgment at the highest rates allowed by law;

d. A judgment against Key Energy pursuant to the NMMWA finding Defendant liable for unpaid back wages due to Plaintiff and all members of the New Mexico Class, attorney fees, costs, penalties, and pre- and post-judgment at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    Fed. Id. 27157
    State Bar No. 24014780
    **Lindsay R. Itkin**
    Fed Id. 1458866
    State Bar No. 24068647
    **Andrew W. Dunlap**
    Fed Id. 1093163
    State Bar No. 24078444
    **FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile
    mjosephson@fibichlaw.com
    litkin@fibichlaw.com
    adunlap@fibichlaw.com

    **AND**

    **Richard J. (Rex) Burch**
    Fed. Id. 21615
    State Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**